I certify this to be a true copy of
the original record in my custody.
OFFICE OF THE CLERK
PROB 22
By _____
        Deputy Clerk

Docket No. (Transferring Court) 4:01CR72-3
Docket No. (Receiving Court)   Not Assigned

05-cm-6005b-01-JTM

# TRANSFER OF JURISDICTION

**FILED**

Name and Address of Probationer/Supervised Releasee:
James A. Hald

AUG 2 9 2005

RALPH L. DeLOACH, CLERK
By _____ Deputy

District: Nebraska             Division: Omaha

Name of Sentencing Judge: Richard G. Kopf

Dates of Probation/Supervised Release -    From: February 18, 2005
                                            To:   February 17, 2010

Offense:   Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine

## PART 1 - ORDER TRANSFERRING JURISDICTION

United States District Court for the District of Nebraska

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the District of Kansas upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.

7/27/05
_____
07/22/05

_____
Richard G. Kopf
U.S. District Judge

## PART 2 - ORDER ACCEPTING JURISDICTION

United States District Court for the District of Kansas

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer or supervised releasee be accepted and assumed by this Court from and after the entry of this order.

8/10/05
_____
Effective Date

_____
United States District Judge

340

W _X G_  S _____  NP _X 2 dft s_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 8:01CR72 |
| vs. | ) SUPERSEDING INDICTMENT<br>) (21 U.S.C. § 846<br>) 21 U.S.C. § 841(a)(1) and (b)(1)<br>) 21 U.S.C. § 853) |
| KIMBERLY A. ANTHONY,<br>ROBERT D. CORDES,<br>JAMES A. HALD,<br>DOUGLAS A. RYDBERG,<br>LAURIE J. SERHAN,<br>CRYSTAL G. STUART,<br>TERESA A. TREW,<br>DAVID A. WELTON, | ) <br>) **JUDGE SHANAHAN**<br>) <br>) **MAGISTRATE JUDGE**<br>) **THALKEN** |
| Defendants. | ) |

The Grand Jury Charges:

## COUNT I

From on or about September, 1998, through April 14, 2001, in the District of Nebrask[a] elsewhere, KIMBERLY A. ANTHONY, ROBERT D. CORDES, JAMES A. HALD, DOUGL[AS] RYDBERG, LAURIE J. SERHAN, CRYSTAL G. STUART, TERESA A. TREW, and DAV[ID] WELTON, defendants herein, did knowingly and intentionally combine, conspire, confedera[te] agree together and with other persons, both known and unknown to the grand jury, to distribu[te] possess with intent to distribute 500 grams or more of a mixture or substance containing a dete[ctable] amount of methamphetamine, it salts, isomers, and salts of its isomers, a Schedule II con[trolled] substance, in violation of Title 21, United States Code Section 841(a)(1) and Title 21 United [States] Code Section 841(b)(1).

In violation of Title 21, United States Code, Section 846.

I certify this to be a true copy of
the original record in my custody.
OFFICE OF THE CLERK
By _____
Deputy Clerk

## COUNT II

On or about October 27, 2000, in the District of Nebraska, KIMBERLY A. ANTHONY, defendant herein, did knowingly and intentionally possess with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21 United States Code Section 841(b)(1).

## COUNT III

On or about October 27, 2000, in the District of Nebraska, ROBERT D. CORDES, defendant herein, did knowingly and intentionally possess with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21 United States Code Section 841(b)(1).

## COUNT IV

As a result of the forgoing offenses, defendant KIMBERLY A. ANTHONY shall forfeit to the United States any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of the violations alleged in Counts I and II of this Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts I and II of this Indictment, including but not limited to the following:

(a) $1,535.00 in United States currency seized from the person of KIMBERLY A. ANTHONY on October 27, 2000.

In violation of Title 21, United States Code, Section 853.

## COUNT V

As a result of the forgoing offenses, defendant ROBERT D. CORDES shall forfeit to the United States any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of the violations alleged in Counts I and III of this Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the

commission of the violations alleged in Counts I and III of this Indictment, including but not limited to the following:

(a) $2,395.00 in United States currency seized from the person of ROBERT D. CORDES on October 27, 2000.

In violation of Title 21, United States Code, Section 853.

A TRUE BILL:

_____
FOREPERSON

_____
MICHAEL G. HEAVICAN
United States Attorney

The United States of America requests that trial of this case be held at Omaha, Nebraska pursuant to the rules of this Court.

_____
SUSAN T. LEHR
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**UNITED STATES OF AMERICA**
                **Plaintiff**

v.                                                      Case Number 4:01CR72

**JAMES A. HALD**
                **Defendant**

                                                        Wesley S. Dodge
                                                        Defendant's Attorney

**AMENDED JUDGMENT IN A CRIMINAL CASE**
**ON MOTION OF THE GOVERNMENT AFTER INITIAL SENTENCING**
(For Offenses Committed On or After November 1, 1987)

Date of Original Judgment: 11/20/2001
Reason for Amendment:
    Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

**THE DEFENDANT** pleaded guilty to count I of the Superseding Indictment.
**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to distribute and possess with intent to distribute methamphetamine | April 14, 2001 | I |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[X] Government's motion (filing 240) for reduction of sentence pursuant to Rule 35(b) is granted.

   **IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.                              Date of Imposition of Judgment:
Defendant's Date of Birth:                                                     May 1, 2003
Dft's U.S. Marshal No.:

Defendant's Residence Address:

Defendant's Mailing Address:
Same                                                    s/ Richard G. Kopf

                                                        RICHARD G. KOPF
                                                        UNITED STATES DISTRICT JUDGE

                                                        May 2, 2003

Defendant: JAMES A. HALD                                                      Page 2 of 5
Case Number: 4:01CR72

## IMPRISONMENT

The defendant's sentence of imprisonment is reduced from the original sentence to a term of **forty-five (45) months,** to run concurrently with any sentence imposed in the Douglas County District Court, Omaha, Nebraska, for the crime of carrying a concealed weapon and/or felon in possession of a firearm; said crime being more particularly described in paragraph 70 of Presentence Report.

The Court makes the following recommendations to the Bureau of Prisons:

1. The court recommends in the strongest possible terms that the defendant be enrolled in the 500-hour Intensive Drug Treatment Program when he becomes eligible for it.

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this ____ day of _____, _____

Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ____ day of _____, _____ to _____, with a certified copy of this judgment.

UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this ____ day of _____, _____

UNITED STATES WARDEN

By:_____

```
Defendant: JAMES A. HALD                                    Page 3 of 5
Case Number: 4:01CR72
```

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

Defendant: JAMES A. HALD  
Case Number: 4:01CR72  
Page 4 of 5

11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. Paragraph #7 of the Standard Conditions of Supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute or administer any alcohol, just the same as any other narcotic or controlled substance.

2. Defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the U.S. Probation Officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband. Any such items found may be seized by the U.S. Probation Officer. This condition may be invoked with or without the cooperation of law enforcement officers.

3. The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the U.S. Probation Officer.

4. Defendant shall provide the U.S. Probation Officer with access to any requested financial information.

5. Pursuant to 18 U.S.C. § 3583 (d), defendant shall submit to a drug test within fifteen (15) days of release on Supervised Release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, defendant shall submit to such testing as requested by any U.S. Probation Officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. Defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances.

6. Defendant shall participate in the District of Nebraska's Victim Awareness Program as directed by the U.S. Probation Officer.

7. Defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement.

Defendant: JAMES A. HALD                                                      Page 5 of 5
Case Number: 4:01CR72

## CRIMINAL MONETARY PENALTIES
**The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.**

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | | |

### FINE
No fine imposed.

### RESTITUTION
No Restitution was ordered.

### SCHEDULE OF PAYMENTS
Having assessed the defendant's ability to pay; payment of the total criminal monetary penalties shall be due as follows:
Lump sum payment of $ 100.00 special assessment due immediately.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court. In the event a defendant is able to make a full or substantial payment toward the remaining criminal monetary penalty, he or she shall do so immediately.
The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed: _5/2/03_

GARY D. McFARLAND, CLERK

By _____, Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

01 NOV 20 AM 10: 12

GARY D. MCFARLAND
CLERK

**UNITED STATES OF AMERICA**
  **Plaintiff**

v.                                Case Number 4:01CR72

**JAMES A. HALD**
  **Defendant**

Wesley S. Dodge

Defendant's Attorney

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count I of the Superseding Indictment.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to distribute and possess with intent to distribute methamphetamine | April 14, 2001 | I |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.
Defendant's Date of Birth:
Dft's U.S. Marshal No.:

Defendant's Residence Address:

Defendant's Mailing Address:
Same

Date of Imposition of Judgment:
November 15, 2001

a true copy of
in my custody,
OFFICE OF THE CLERK
By _____ Deputy Clerk

RICHARD G. KOPF
UNITED STATES DISTRICT JUDGE

November 20, 2001

ORDER MAILED  11-20-01
All Cnsl of Record
U.S. Marshal
U.S. Pretrial Services
U.S. Probation
2 USA

Defendant: JAMES A. HALD
Case Number: 4:01CR72

Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **151 Months,** to run concurrently with any sentence imposed in the Douglas County District Court, Omaha, Nebraska, for the crime of carrying a concealed weapon and/or felon in possession of a firearm; said crime being more particularly described in paragraph 70 of Presentence Report.

The Court makes the following recommendations to the Bureau of Prisons:

1. The court recommends in the strongest possible terms that the defendant be enrolled in the 500-hour Intensive Drug Treatment Program when he becomes eligible for it.

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____



Defendant: JAMES A. HALD
Case Number: 4:01CR72

Page 3 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

159

Defendant: JAMES A. HALD
Case Number: 4:01CR72

Page 4 of 5

11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. Paragraph # 7 of the Standard Conditions of Supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute or administer any alcohol, just the same as any other narcotic or controlled substance.

2. Defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the U.S. Probation Officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband. Any such items found may be seized by the U.S. Probation Officer. This condition may be invoked with or without the cooperation of law enforcement officers.

3. The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the U.S. Probation Officer.

4. Defendant shall provide the U.S. Probation Officer with access to any requested financial information.

5. Pursuant to 18 U.S.C. § 3583 (d), defendant shall submit to a drug test within fifteen (15) days of release on Supervised Release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, defendant shall submit to such testing as requested by any U.S. Probation Officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. Defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances.

6. Defendant shall participate in the District of Nebraska's Victim Awareness Program as directed by the U.S. Probation Officer.

7. Defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement.



Defendant: JAMES A. HALD
Case Number: 4:01CR72

Page 5 of 5

# CRIMINAL MONETARY PENALTIES

**The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.**

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | | |

## FINE

No fine imposed.

## RESTITUTION

No Restitution was ordered.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay; payment of the total criminal monetary penalties shall be due as follows:

Lump sum payment of $ 100.00 special assessment due immediately.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

---

CLERK'S OFFICE USE ONLY:
I certify this to be a true copy of the record in my custody.

GARY D. MCFARLAND, CLERK

By _____

